PINNEY *vs.* FANCHER.

*In the matter of the Estate of* WILLIAM SAVAGE, *deceased.*

A DIRECT gift to a minor is vested, notwithstanding it is given over in case of his death under age, or "without heirs." Though liable to be divested on a contingency, the substituted legatees will only take the *corpus*, from the time of the happening of the event on which it is limited over. The accruing interest before that time belongs to the minor, and may be appropriated for his support.

Interest on legacies given by a parent to a child under age, when there is no provision for maintenance, will be applied by the Court to the support of the infant, although the bequests are conditional and not vested.

E. L. FANCHER, *in person.*

C. R. DISSOSWAY, *for Legatee.*

THE SURROGATE.—The testator gave the following legacy to his son: " I give and bequeath unto my son Robert the sum of five thousand dollars in stock of the State of New York, to be continued for him until of age. But in case of his death a minor, or without legal heirs, then the above to be divided as follows, viz. : one half to the children of J. M. Savage, the other to my uncle Samuel Benedict, or to his heirs." The question is whether the guardian of the minor Robert is entitled to the income of the legacy for his support during minority. This bequest is vested; the gift is immediate and present. It is liable to be divested on a certain contingency, but should that contingency occur, the substituted legatees will take the *corpus*, and that too only from the time of the happening of the event on which the limitation over takes effect. The accruing interest therefore belongs to the minor and may be appropriated for his support. But even if the gift had not been vested, this application of the income might have been di-

rected; for it is well settled by the cases, that the interest on legacies given by a parent to a child under age, and where there is no provision for maintenance, will be applied by the Court to the support of the infant, although the legacies are conditional and not vested. (*Crickett* vs. *Dolby*, 3 *Ves.*, 10; *Prec. Ch.*, 367; 1 *Atk.*, 505; *Harvey* vs. *Harvey*, 2 *P. Wms.*, 21; *Anon.*, 2 *Vent.*, 346; *Incledon* vs. *Northcote*, 3 *Atk.*, 432, 438; *Conway* vs. *Longville*, 1 *Eq. Ca. Ab.*, 301; *Mole* vs. *Mole*, 1 *Dick. R.*, 310; *Brown* vs. *Temperley*, 3 *Russ.*, 263). There must therefore be an order directing the payment by the executor to the guardian, of such sum out of the income accruing, as shall be needed for the maintenance of the minor.